

FILED

OCT 0 2 2019

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–46–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRANDON BEST GORDON, | |
| Defendant. | |

Before the Court is Defendant Brandon Best Gordon's Motion in Limine and Brief in Support. (Doc. 35.) The government's response brief also serves as its notice that it intends to introduce evidence that falls under Federal Rule of Evidence 404(b). (Doc. 36.)

Gordon has been charged by indictment with one count of felon in possession of a firearm and one count of possession of stolen firearms. (Doc. 2.) He asks that the Court exclude from trial any evidence of: (1) an investigation in Boise, Idaho of an alleged aggravated assault with a firearm involving Gordon; (2) Gordon's prior criminal history; (3) Gordon's pending criminal charges for felony theft of vehicles in state court; and (4) criminal possession and/or distribution of

drugs. The government does not oppose the motion as to categories (1) and (2). As to the first category, the government represents that it "will not solicit any information about the Boise investigation during its case-in-chief." (Doc. 36 at 13.) And in regard to the second, the government will not introduce evidence in its case-in-chief of Gordon's prior criminal history provided that Gordon stipulates to his prior felony conviction and his knowledge of that conviction. (*Id.* at 12.)

Thus, the issue presented in the motion is cabined to whether Rules 403 and 404(b) bar the government from introducing evidence of Gordon's alleged theft of vehicles, for which he is currently facing state charges, and Gordon's alleged involvement in drug use and/or distribution. The Court determines that: (1) evidence regarding stolen vehicles is not admissible under Rule 404(b); and (2) the government must be able to put on evidence of the events directly tied to Gordon's alleged unlawful possession of firearms, which will likely include reference to drug activity.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but it "may be admissible for another purpose." Even where such evidence is admissible under Rule 404(b), the Court nonetheless "may exclude relevant evidence if its probative

value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

I. **Evidence of Stolen Vehicles**

Gordon argues that the government cannot introduce evidence relevant to his pending state criminal charges for vehicle theft. The government agrees that all but two of the stolen vehicles giving rise to that proceeding "are unrelated to the instant offense." (Doc. 36 at 10.) However, it argues that "inclusion of . . . two vehicles . . . put[s] . . . law enforcement activity on July 17, 2018, into context. It is part of the day's narrative." (*Id.*) According to the government, those two vehicles, a silver 2018 Chrysler 300 and a red 2005 Chevrolet Colorado, were towed from an alley adjacent to a known drug house in Livingston shortly before Gordon was seen exiting the house. (*Id.* at 4.) It is alleged that searches of the two vehicles resulted in discovery of "items connected to" Gordon. (*Id.*)

The government primarily argues that the evidence does not fall within the scope of Rule 404(b) in the first instance. "Evidence is not considered to relate to 'other crimes' if it is 'inextricably intertwined' with, and 'part of the same transaction' as, the crime for which the defendant was charged." *United States v. Santiago*, 46 F.3d 885, 889 (9th Cir. 1995) (quoting *United States v. Mundi*, 892 F.2d 817, 820 (9th Cir. 1989)).

-3-

The Court disagrees that Rule 404(b) is indifferent to evidence of the stolen vehicles. Although the officers investigating the events leading to Gordon's arrest were likely more alert to the possibility of wrongdoing because of the stolen vehicles, the Court finds that the stolen vehicles are not otherwise connected to the charges Gordon faces. The government does not allege, for example, that Gordon was seen driving either vehicle while in possession of a gun or that the items eventually found in the vehicles are the same items leading to the present federal charges. Indeed, it is unclear that, at the time of Gordon's arrest, officers would have had any reason to believe that Gordon—rather than any other individual in the Livingston drug house—was particularly connected to those vehicles. Exclusion will have no effect on the government's ability to put on evidence of "the circumstances and background of [Gordon's] criminal charge[s]." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) (quoting *United States v. Moore*, 735 F.2d 289, 292 (9th Cir. 1984)). Rule 404(b) is implicated.

The government further claims that, even if Rule 404(b) applies, the evidence is admissible because: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) . . . the act is similar to the offense charged." *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000). The

government provides no analysis as to elements (1) and (3). However, the Court fails to see "the material point" proven by the existence of the stolen vehicles. If, as it appears, the point is that the defendant steals things, then the evidence is squarely inadmissible under Rule 404(b).

Because the Court has found that the evidence is not part of the alleged offense conduct, the government must articulate what—other than Gordon's general character—the evidence is meant to prove. As the government has not attempted to do so, the Court cannot, consistent with Rule 404(b), allow the evidence of the stolen vehicles. Moreover, as to the fourth element of the test outlined in *Chea*, the government states that evidence of stolen vehicles is "similar to the charged conduct" because both involve the "possession of stolen goods on July 17, 2018." Again, the similarity appears to be Gordon's alleged disposition toward theft, and so the Court finds that Rule 404(b) bars introduction of evidence of the stolen vehicles.

## II. Evidence of Drug Use and/or Distribution

Gordon also seeks exclusion of evidence of drug use and/or distribution. The government counters:

> Drugs are a very active part of this story, and put[] the story into context: two stolen vehicles were found parked at a known drug house in Livingston, Gordon was seen leaving the same drug house in Livingston after the tow trucks left, Gordon was picked up in a tan

> Tahoe associated with drug activity by a driver associated with drug activity, the trooper observed drugs and drug paraphernalia in the tan Tahoe, the driver appeared to the under the influence, drugs and the firearms were located in the same back pack during the search warrant execution, money in car was headed to Billings and J.M. according to Gordon, the firearms were headed to Billings to satisfy a drug-debt according to J.M.

(Doc. 36 at 11.)

The Court agrees with the government that granting Gordon's motion in limine as to this point would restrict the government "to proving in a vacuum the offense of possession of a firearm by a felon." *Daily*, 974 F.2d at 1217. Unlike evidence of the stolen vehicles, evidence of drug activity is "'inextricably intertwined' with, and 'part of the same transaction' as" Gordon's alleged unlawful possession of firearms. *Santiago*, 46 F.3d at 889. It would be difficult for the government to avoid evidence of drug activity, as such evidence triggered the investigation and search, and the subject firearms were found in the same container as drugs. What is more, drug-related activity is directly tied to Gordon's alleged possession of the firearms, as the government ostensibly will introduce evidence that the guns were intended as payment for a drug-related debt.

The Court notes that nothing in this Order extends beyond the government's case-in-chief. Further, this ruling does not bind the parties in the event that the reasoning set forth in this Order no longer holds true; in the event that the evidence

at trial is different from that used to support the parties' arguments for purposes of this motion, the parties may seek admission or exclusion of evidence at that time.

Accordingly, IT IS ORDERED that the motion (Doc. 35) is GRANTED in part and DENIED in part, as outlined in this Order.

DATED this 2nd day of October, 2019.

Dana L. Christensen, Chief District Judge
United States District Court