# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**BRANDON BEST GORDON,**<br>*aka Brandon Brooks Gordon*,<br><br>Defendant. | CR 19-46-BLG-SWS<br><br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RETURN OF PROPERTY NOT SUBJECT TO FORFEITURE** |

This matter comes before the Court on the Defendant's Motion for Return of Property Not Subject to Forfeiture (Doc. 100) and the Government's response (Doc. 106). Mr. Gordon seeks the return of certain personal property seized by law enforcement, including "his identification and his wallet that contained $5,000.00." (Doc. 100 p. 1.) The Government responds that the U.S. currency, totaling $5,027, should not be returned "because it was administratively forfeit in September 2019." (Doc. 106 p. 1.) The Government asserts a notice of seizure and intent to forfeit the currency was duly published "and was sent to each party who appeared to have an interest in the property," but no claim was filed. (*Id.* p. 2.) It makes no mention of Mr. Gordon's identification or wallet.

"[I]ndividuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (quoting *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993)). The Government must provide notice of the pending forfeiture that is "reasonably calculated,

under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 168 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Here, the Government generally alleges that notice of the pending forfeiture "was sent to each party who appeared to have an interest in the property," but offered nothing to show that Mr. Gordon was provided sufficient notice that was reasonably calculated to apprise him of the matter. The "Declaration of Administrative Forfeiture" from the Bureau of Alcohol, Tobacco, Firearms and Explosives, dated September 24, 2019 and attached to the Government's response, does not demonstrate that Mr. Gordon was provided the notice required by law. He may have received such notice, but the Government has not demonstrated such to the Court's satisfaction. A general allegation that notice was sent to parties "who appeared to have an interest" does not suffice.

IT IS THEREFORE ORDERED that Defendant Brandon Gordon's Motion for Return of Property Not Subject to Forfeiture (Doc. 100) is GRANTED IN PART. Mr. Gordon's identification, wallet, and any other seized property that is not subject to forfeiture must be returned to him in a timely manner.

IT IS FURTHER ORDERED that each party has **through April 15, 2020**, to file supplemental briefing concerning the return of the $5,027 in U.S. currency. The Court will then issue a supplemental order on the matter.

DATED: March 25th, 2020.

Scott W. Skavdahl
United States District Court Judge