# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  **Plaintiff,**  v.  **BRANDON BEST GORDON,**  *aka Brandon Brooks Gordon*,  **Defendant.** | **CR 19-46-BLG-SWS**  **ORDER DENYING RETURN OF $5,027 U.S. CURRENCY TO DEFENDANT** |

This matter comes before the Court on the Defendant's Motion for Return of Property Not Subject to Forfeiture (Doc. 100). The Court entered a prior order requiring the return of "Mr. Gordon's identification, wallet, and any other seized property that is not subject to forfeiture." (Doc. 109.) It also requested supplemental filings from the parties concerning whether the $5,027.00 in cash that had been seized was required to be returned to Mr. Gordon or whether it was subject to forfeiture. The Government and Mr. Gordon have submitted their supplemental responses addressing the cash. (Doc. 111, 112.) In this supplemental order, the Court finds the $5,027.00 was subject to administrative forfeiture and will not be returned to Mr. Gordon.

The Court's prior concern was whether Mr. Gordon had received sufficient notice to apprise him of the fact that his cash was subject to being forfeited. "[I]ndividuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (quoting *United States v. James*

*Daniel Good Real Property*, 510 U.S. 43, 48 (1993)).   The Government must provide notice of the pending forfeiture that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."   *Id.* at 168 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The Court finds Mr. Gordon was provided sufficient notice of the intended forfeiture in April 2019.   The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) sent a "Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings," dated April 15, 2019, to Mr. Gordon at the Lewis and Clark County Detention Center in Helena, Montana.   (Doc. 111-1.)   That notice informed Mr. Gordon of the intended administrative forfeiture of several items, including specifically $5,027.00 in U.S. currency, and set forth how to contest the intended forfeiture.   (*Id.*)   Mr. Gordon was held at the Lewis and Clark County Detention Center from December 21, 2018 to July 8, 2019 (Doc. 111-3), which includes the time when the ATF sent its notice to him at the jail, and the Government provided evidence showing the notice was indeed delivered to the jail and logged in for delivery to Mr. Gordon (Docs. 111 pp. 2-3; 111-4; 111-5).   This notice and its delivery to Mr. Gordon at the jail was "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections."   *Dusenberry*, 543 U.S. at 168.

Mr. Gordon's supplement asserts the notice of intended forfeiture was misleading because he "believed he had approximately $3,200.00 to $3,600.00 in his wallet" that was seized.   (Doc. 112 p. 2.)   He argues, "At the time the notice was given, the government

had co-mingled the funds, thus denying any reasonable person the ability to determine if the money could be claimed as theirs." (*Id.*)  In short, he says the money seized from his wallet was comingled with money seized from an alleged co-conspirator, together totaling a bit more than $5,000.00.  (*Id.*)  However, in his earlier Motion for Return of Property Not Subject to Forfeiture, Mr. Gordon argued for the return of "his wallet that contained $5,000.00."  (Doc. 100 p. 1.)  His contention now that only a portion of the $5,027 is/was his (thus rendering the notice of the forfeiture insufficient) is not well-taken in light of the fact that he previously demanded the Government return all the cash to him.  Based on the notice provided to him by the ATF, Mr. Gordon knew or should have known that his cash that was seized, whatever the true amount may be, was subject to administrative forfeiture and he needed to take timely action to contest its forfeiture.  The Court finds the $5,027.00 seized in this matter was subject to forfeiture, and it, or some portion thereof, should not be returned to Mr. Gordon.

IT IS THEREFORE ORDERED that Defendant Brandon Gordon's Motion for Return of Property Not Subject to Forfeiture (Doc. 100) is DENIED IN PART as to the $5,027.00 in U.S. currency, which was subject to administrative forfeiture.

DATED: April 22nd, 2020.

_____
Scott W. Skavdahl
United States District Court Judge