IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　**Plaintiff,**<br><br>　v.<br><br>**BRANDON BEST GORDON,**<br>　*aka Brandon Brooks Gordon*,<br><br>　　　　　　**Defendant.** | **CR 19-46-BLG-SWS**<br><br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER DENIAL OF COUNSEL FOR § 2255 MOTION AND REQUEST FOR EXTENSION OF TIME** |

This matter comes before the Court on Defendant Brandon Gordon's *pro se* motion requesting the Court reconsider its earlier denial of counsel for § 2255 purposes and an extension of time in which to file his § 2255 motion. (Doc. 124.)

Turning first to his renewed request that the Court appoint him an attorney to pursue a motion under 28 U.S.C. § 2255, "there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding." *Pavulak v. Blanckensee*, 7 F.4th 871, 873 (9th Cir. 2021) (quoting *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995)). The appointment of counsel for a motion under 28 U.S.C. § 2255 is governed by 18 U.S.C. § 3006A. 28 U.S.C. § 2255(g). That section states in relevant part, "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who … is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). The appointment of counsel is warranted "when the complexities of the case are such that

denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.")

In Mr. Gordon's request for reconsideration, he contends the Court erred by failing to consider his lifelong learning disabilities. (Doc. 124 p. 2.) He also set forth five potential grounds for relief and supported each ground with explanation and argument. (*Id.* pp. 2-14.) In Mr. Gordon's earlier motion for counsel, he described his learning disabilities (Doc. 122), and the Court previously considered them as well as his other reasons for requesting an attorney. The Court stated, "From Mr. Gordon's logical and clearly-presented motion, the Court finds no reason he cannot present these issues in a § 2255 motion in an understandable manner without the assistance of a lawyer." (Doc. 123 p. 2.) After reviewing his request for reconsideration, the Court is even more convinced that Mr. Gordon can clearly and logically present a § 2255 motion without the assistance of an attorney. Over 12 handwritten pages, he supported five potential grounds for relief with argument and a discussion of the facts developed at trial. Moreover, the facts and applicable law are not so complex as to demand the appointment of counsel. The Court continues to find the interests of justice do not support a court-appointed attorney for Mr. Gordon's desired § 2255 motion and a denial of appointed counsel does not amount to a denial of due process. Therefore, the request for reconsideration will be denied.

The Court will also deny his current request for an extension of time in which to file a § 2255 motion. He asserts the Bureau of Prison facilities he has been at "have been locked down for the past two years," which has prevented him from accessing the law library and conducting legal research. (Doc. 124 p. 1.) He seeks an extension "to allow time for the pandemic to lessen" so he has time to use the legal resources to work on his § 2255 motion. (*Id.*)

Generally, a § 2255 movant has one year form the date his conviction becomes final to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). Where, as here, the defendant does not file a petition seeking a writ of certiorari in the U.S. Supreme Court, "his conviction becomes final 90 days after the Circuit Court of Appeals renders its decision." *United States v. Myrie*, No. 2:06-CR-00239-RCJ, 2012 WL 2847747, at *3 (D. Nev. July 11, 2012) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003); U.S. Sup. Ct. R. 13(1)). The Ninth Circuit issued its judgment affirming Mr. Gordon's conviction on June 24, 2021. *United States v. Gordon*, 851 F. App'x 89 (9th Cir. June 24, 2021). His deadline to file a § 2255 motion is therefore September 22, 2022 (one year plus 90 days after the Ninth Circuit's judgment). As Mr. Gordon still has several months in which to file a § 2255 motion, and the severity of the COVID-19 pandemic appears to be "lessening" at this current time thus likely allowing Mr. Gordon an opportunity to conduct his desired legal research, the Court will not extend Mr. Gordon's deadline to file a § 2255 motion.[1]

---

[1] The Second Circuit has held in a published decision that district courts do not possess jurisdiction to extend the § 2255 deadline because there is no "case or controversy" until the § 2255 motion is filed. *United States v. Leon,* 203 F.3d 162, 164 (2d Cir. 2000). The Fourth, Fifth, Sixth, Eleventh, and D.C. Circuits have held the same in unpublished decisions. *See United States v. White,* 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland,* 125 F. App'x 573, 574 (5th Cir. 2005); *United States v.*

IT IS THEREFORE ORDERED that Defendant Brandon Gordon's *pro se* motion requesting the Court reconsider its earlier denial of § 2255 counsel and requesting an extension of time in which to file his § 2255 motion (Doc. 124) is DENIED.

DATED: March 7th, 2022.

_____
Scott W. Skavdahl
United States District Court Judge

---

*Moore,* 56 F. App'x 686, 687 (6th Cir. 2003); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011); *United States v. Glover,* 2006 WL 3798926 (D.C. Cir. June 27, 2006).  In contrast, the Third Circuit has held in a published decision that district courts do possess such jurisdiction because the § 2255 motion is considered a continuation of the underlying criminal case.  *See United States v. Thomas*, 713 F.3d 165, 173-74 (3d Cir. 2013).  It appears neither the Ninth Circuit nor the U.S. Supreme Court have decided the issue.  *See United States v. Myrie*, No. 2:06-CR-00239-RCJ, 2012 WL 2847747, at *3 (D. Nev. July 11, 2012) ("There is currently no guiding precedent from the Ninth Circuit or the U.S. Supreme Court regarding the scope of the Court's power to extend the time for a petitioner to file a § 2255 motion, with the notable exception of equitable tolling.").   The Court need not decide the question here because Mr. Gordon has sufficient time to file a § 2255 motion in this case.  *See United States v. Schlake*, No. CR 06-51-M-DWM, 2010 WL 11672531, at *1 (D. Mont. Jan. 29, 2010) (petitioner filed a timely § 2255 motion and requested additional time to file a supplement in support of the motion, which the district court granted).