IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff / Respondent <br><br> v. <br><br> **BRANDON BEST GORDON,** <br>   *aka Brandon Brooks Gordon,* <br><br> Defendant / Movant. | CR 19-46-BLG-SWS <br><br> **ORDER DENYING REMAINDER OF § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

Defendant Brandon Gordon submitted a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, raising various challenges to his conviction and sentence. (ECF 126.) On preliminary review, the Court dismissed most of his claims but ordered two claims be served upon the Government for response. (ECF 132.) The Government answered (ECF 136), and Mr. Gordon replied (ECF 137). In his reply, Mr. Gordon conceded he was not entitled to any relief on one of the remaining issues (Ground Six). (ECF 137 pp. 11-12.) Consequently, the only claim for relief remaining in dispute is Ground One, in which Mr. Gordon alleges his trial attorney provided him erroneous sentencing advice and he would have accepted the Government's plea offer instead of pursuing trial if he had been properly advised. On this issue, the Court ordered Mr. Gordon's trial attorney to submit a declaration or affidavit addressing the matter (ECF 134), which was received (ECF 135). Having considered the parties' briefing and the declaration from trial counsel, and after reviewing the record herein, the Court determines Mr. Gordon has not carried his burden of establishing his trial attorney provided ineffective assistance of counsel. Accordingly, the Court will deny the remainder of Mr. Gordon's § 2255 motion.

## BACKGROUND

In April 2019, Mr. Gordon was indicted on one count of being a felon in possession of a firearm and one count of possessing stolen firearms. (ECF 1.) Following a two-day jury trial in October 2019, the jury acquitted him of possessing stolen firearms but convicted him of possessing firearms as a felon. (ECF 72.) He was sentenced to 87 months of imprisonment to be followed by three years' supervised release. (ECF 97.) He did not obtain any relief in his direct appeal to the Ninth Circuit. *United States v. Gordon*, 851 F. App'x 89 (9th Cir. 2021) (mem.). Mr. Gordon filed a timely § 2255 motion, where the only remaining issue is whether his counsel offered him unconstitutionally ineffective assistance regarding his likely sentence if he chose to go to trial.

## DISCUSSION

Because Mr. Gordon proceeds on his § 2255 motion *pro se* without the assistance of counsel, the Court liberally construes his submissions. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Section 2255(b) requires the Court to hold an evidentiary hearing on Mr. Gordon's § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The Court finds the files and records of the case conclusively show Mr. Gordon is not entitled to any relief on his § 2255 motion, and therefore no hearing will be held.

Mr. Gordon contends his trial attorney misinformed him regarding his sentencing exposure were he to plead guilty versus go to trial. (ECF 126 pp. 4-5; ECF 126-1 pp. 2-3; ECF 131 pp. 2-5.) He asserts his trial lawyer advised him the Government offered a plea agreement that included a base offense level of 14 with an advisory guideline range of 20-24 months' imprisonment under the U.S. Sentencing Guidelines. He says his lawyer advised him that if he

instead was convicted at a trial, his guideline range would be 27 to 33 months of imprisonment (ostensibly considering no reduction for acceptance of responsibility). With less than a year's difference between the two options, Mr. Gordon elected to put the Government to its burden at a trial, but he was then sentenced to 87 months' imprisonment, well more than what he claims the Government offered and his lawyer advised. He contends that had his lawyer accurately advised him that he faced 87 months' imprisonment after a trial, he would have accepted the Government's plea offer.

Claims that a defense attorney was constitutionally ineffective are governed by the two-prong test of S*trickland v. Washington*, 466 U.S. 668 (1984). First, Mr. Gordon must show his trial attorney's performance fell outside the wide range of reasonable professional assistance. *Id.* at 687-88. Second, he must show there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been more favorable to Mr. Gordon. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). Defense counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

A criminal defendant's Sixth Amendment right to the effective assistance of counsel applies during plea negotiations. *Missouri v. Frye*, 566 U.S. 134, 144-45 (2012). "Because 'an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney,' counsel have a duty to supply criminal defendants with necessary and accurate information." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (internal

citation omitted) (quoting *Brady v. United States*, 397 U.S. 742, 748 n.6 (1970)). However, "a mere inaccurate prediction, standing alone, would not constitute ineffective assistance." *Id.* Instead, a "gross mischaracterization of the likely outcome ..., combined with the erroneous advice on the possible effects of going to trial" can result in a finding of deficient performance. *Id.*; *see United States v. Manzo,* 675 F.3d 1204, 1210 (9th Cir. 2012) (trial counsel's erroneous advice to defendant about his likely sentence was so inaccurate, 135-168 months anticipated versus 292-365 months guideline range, that it was constitutionally deficient). The relevant determination is not whether "counsel's advice [was] right or wrong, but ... whether that advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 772 (1970).

A material difference exists between Mr. Gordon's affidavit submitted in support of his § 2255 motion and his trial attorney's declaration. Specifically, Mr. Gordon asserts his trial attorney "advised him that the government's Plea Offer was to a base offense level 14 and 'advisory' Guideline Range of 20-24 months [of imprisonment], and if he proceeded to Jury Trial his Guideline Range would be 27-33 months." (ECF 126-1 p. 2.) In contrast, his trial attorney asserts in his declaration that he "did not tell Mr. Gordon that his Guideline Range would be 20-24 months if he took the government's plea offer" and he "did not advise Mr. Gordon that if he was found guilty at a jury trial that his guideline range would be 27-33 months." (ECF 135 p. 2.) As support for his declaration, trial counsel also submitted a written plea offer conveyed from the prosecutor to defense counsel, which did not include a proposed sentence but only noted the Government would recommend a sentence on the low end of the advisory guideline range calculated by the Court. (ECF 135-1.) Additionally, trial counsel submitted an email exchange between him and the prosecutor where they discussed the

anticipated guideline range to be somewhere between 46 and 105 months, starting at offense level 19, all depending on Mr. Gordon's criminal history and potential offense level additions. (ECF 135-2.)  Trial counsel's submissions support his declaration statements that he never advised Mr. Gordon of a plea offer of 20-24 months and never told him that conviction at trial would like result in 27-33 months.

However, as Mr. Gordon accurately points out, trial counsel's statements at sentencing contradict some of his declaration statements.  Specifically, trial counsel argued at sentencing:

> I can only say that, you know, at the beginning of this case, **when the Government offered Mr. Gordon a 24-month sentence in exchange for his guilty plea**, that that would have been reasonable, but Mr. Gordon wanted to preserve his rights and take this matter to trial.  He shouldn't be punished excessively because of wanting to have his day in court.
>
> …
>
> We're asking, basically, looking at the 70 months [low end of the calculated guideline range], that that is more than what the Government had originally offered and would substantially provide for all of the 3553(a) and (b) requirements.

(Sentencing Tr. p. 23 (ECF 115) (emphasis added).)  This statement by trial counsel at sentencing supports Mr. Gordon's assertion that trial counsel advised him his guideline range would be 20-24 months if he accepted the alleged plea offer.  It does not support, or contradict, Mr. Gordon's claim that trial counsel said he'd be looking at a guideline range of 27-33 months if he was convicted at trial.

The Court finds it exceedingly unlikely that trial counsel advised Mr. Gordon in the way he claims.  Under the USSG Sentencing Table, there is no guideline range of 20-24 months under offense level 14 or any other offense level.

**Deficient Performance**

Regardless, even assuming Mr. Gordon's assertions are completely accurate, he has not

carried his burden of establishing his trial attorney was unconstitutionally ineffective. An estimated post-trial sentencing range of 27-33 months versus his ultimate sentencing range of 70-87 months was not a "gross mischaracterization of the likely outcome" sufficient to show deficient performance. "Precedent in our circuit makes clear that any disparity between the predicted sentence and the actual sentence must be extreme." *United States v. Nguyen*, 997 F. Supp. 1281, 1289–90 (C.D. Cal. 1998); *see Womack v. Del Papa*, 497 F.3d 998, 1003–04 (9th Cir. 2007) (trial counsel's advice that pleading guilty was "best chance" for receiving a 30-40 year sentence was not deficient performance even where defendant was sentenced to eight terms of life without parole); *Sophanthovong v. Palmateer*, 378 F.3d 859, 869 (9th Cir. 2004) (60-month difference between presumptive sentence predicted by defense attorney and the actual sentence imposed, where sentence was still "well below the maximum sentence," was not a gross mischaracterization); *United States v. Garcia*, 909 F.2d 1346, 1348-49 (9th Cir. 1990) (defendant not entitled to withdraw from plea where counsel estimated sentence of 8 years but Court imposed sentence of nearly 20 years); *United States v. Jerome,* 124 F.3d 214, 1997 WL 579099 (9th Cir. 1997) (unpublished) (defendant's sentence of 40 years instead of his attorney's prediction of not more than 20 years was not a "gross mischaracterization of the likely outcome"); *United States v. Nguyen*, 997 F. Supp. 1281, 1289–90 (C.D. Cal. 1998) (188 months sentence versus the predicted 120-132 months was not a "gross mischaracterization of the likely outcome"); *cf Iaea v. Sunn*, 800 F.2d 861, 864-65 (9th Cir. 1986) (defense counsel's prediction that pleading guilty would mean an "almost zero" chance of an extended sentence and a "good" chance of probation was deficient performance where defendant actually received three life sentences); *Chacon v. Wood*, 36 F.3d 1459, 1464-65 (9th Cir. 1994) (determining defendant had stated a claim for ineffective assistance of counsel sufficient to warrant an evidentiary hearing

where the interpreter informed defendant that defense counsel advised he faced only three months in jail but was sentenced to ten years).

Here, the disparity between trial counsel's alleged sentencing prediction and Mr. Gordon's actual sentence was not so extreme as to constitute a "gross mischaracterization." Therefore, he has not satisfied the first prong of the *Strickland* analysis.

### **Prejudice**

Moreover, even if trial counsel's sentencing prediction in this case could be considered deficient performance, Mr. Gordon has not established prejudice because he was previously advised by the Court of the sentence he faced if he chose to go to trial. At his initial appearance and arraignment on July 11, 2019, Mr. Gordon was advised of the maximum penalties he faced. (ECF 14.) As also reflected on his indictment, for the charge of felon in possession of a firearm, he was informed he faced up to 10 years (120 months) of imprisonment (ECF 2 p. 1), which is significantly longer than he actually received. Thus, Mr. Gordon knew what penalty he faced if he decided to pursue trial, which eliminated any prejudice from his attorney's alleged sentencing prediction. *See Womack*, 497 F.3d at 1003-04 ("because Womack was clearly informed of the potential for life sentences and the unavailability of parole, he cannot demonstrate that he was prejudiced by his attorney's prediction"); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (defendant suffered no prejudice from defense counsel's erroneously-low sentence prediction "because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court").

### **CERTIFICATE OF APPEALABILITY**

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires an applicant to show that reasonable jurists could debate whether (or agree that) the § 2255 motion should have been resolved differently or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Mr. Gordon's allegations do not meet the threshold required for a COA. Accepting his assertions as true for purposes of this motion, his assertions do not satisfy either prong of the *Strickland* analysis concerning his trial attorney's sentencing prediction. Reasonable jurists could not debate whether the § 2255 motion should be resolved in a different manner or whether the issues deserve further encouragement. The Court concludes Mr. Gordon has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court will deny a certificate of appealability.

## CONCLUSION AND ORDER

Even if the allegations in Mr. Gordon's § 2255 motion were proved true, he would not be entitled to any relief under 28 U.S.C. § 2255. His assertions do not demonstrate his trial attorney was unconstitutionally ineffective. It plainly appears from the parties' submissions and the record of prior proceedings that Mr. Gordon's is not entitled to relief on Ground One and Ground Six (and Ground Eight as it relates to Ground Six).

**IT IS THEREFORE ORDERED** that the claims for relief asserted by Mr. Gordon in Ground One and Ground Six (and Ground Eight as it relates to Ground Six) in his § 2255 motion (ECF 126) are **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability on all claims is hereby DENIED.

IT IS FINALLY ORDERED that the Clerk of Court will please ensure that all pending motions in this case and in CV 22-104-SWS are terminated, and please close the civil file by entering judgment in favor of the United States and against Mr. Gordon.

DATED: April 13TH, 2023.

*Scott W. Skavdahl*
Scott W. Skavdahl
United States District Court Judge