IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff / Respondent<br><br>v.<br><br>BRANDON BEST GORDON,<br>　*aka Brandon Brooks Gordon*,<br><br>　　　　　　　　　Defendant / Movant. | CR 19-46-BLG-SWS<br>CV 23-72-BLG-SWS<br><br>ORDER DISMISSING SECOND OR SUCCESSIVE § 2255 MOTION |

　　　In October 2019, Defendant Brandon Gordon was convicted following a jury trial of being a felon in possession of a firearm. (ECF 72.) He was sentenced to 87 months of imprisonment to be followed by three years' supervised release. (ECF 97.) He did not obtain any relief in his direct appeal to the Ninth Circuit. *United States v. Gordon*, 851 F. App'x 89 (9th Cir. 2021) (mem.).

　　　Mr. Gordon submitted his first motion for relief under 28 U.S.C. § 2255 on September 26, 2022. (ECF 126.) Nowhere in that motion or his briefing did Mr. Gordon allege his firearm conviction was invalid in light of the U.S. Supreme Court opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which had been issued on June 23, 2022 (about three months before Mr. Gordon filed his first § 2255 motion). After the first § 2255 motion was fully briefed, the Court denied that motion on its merits on April 13, 2023. (ECF 138.)

　　　On June 27, 2023, Mr. Gordon filed a second motion seeking relief under § 2255, this time arguing his conviction for being a felon in possession of a firearm was unconstitutional under *Bruen*. (ECF 142.) This constitutes a "second or successive" § 2255 motion because it

challenges the same judgment as the first motion and raises a claim that could have been adjudicated on its merits in the first § 2255 motion. *See Magwood v. Peterson*, 561 U.S. 320, 341-42 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). However, under 28 U.S.C. § 2255(h), Mr. Gordon first must obtain certification (permission) from the Ninth Circuit before he may file a second § 2255 motion. Indeed, before filing a second or successive § 2255 motion in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255 (h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

Nothing suggests Mr. Gordon has asked the Ninth Circuit for leave to file a second or successive § 2255 motion, and the Ninth Circuit has not authorized this Court to consider a second § 2255 motion from Mr. Gordon. "If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) (citing *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (per curiam)). Accordingly, this Court may not consider Mr. Gordon's second § 2255 motion and must dismiss it for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant Brandon Gordon's second motion for relief under 28 U.S.C. § 2255 (ECF 142) is hereby **DISMISSED WITHOUT PREJUDICE**.

DATED: July 12th, 2023.

*Scott W. Skavdahl*
United States District Court Judge